SIMONDS ROLLING MACHINE COMPANY *vs.* POPE
MANUFACTURING COMPANY.

Suffolk.   November 21, 1901. — January 30, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract,* Construction.

The plaintiff, a maker of patented rolling machines, granted to the defendant, a
   manufacturer, the " right and license to use " a certain rolling machine and the
   " right and license to use " a second machine of the same kind, if the defendant
   found that he required such a second machine.  The defendant agreed to pay
   $600 on the first day of July in each year during the life of the patents " as
   license fee and royalty for the use " of the first machine, and in addition thereto,
   in case the second machine should be used, the sum of $2 per day for each and
   every day of its use during the preceding twelve months, provided that nothing
   was to be paid for the second machine for any day upon which the first should
   break down and the second be used in its place.  *Held,* that this contract meant,
   that on the first of July in each year $600 was to be paid for the first machine
   whether it had been used at all during the year or not, and without reference to
   its use, and that the second machine was to be paid for in accordance with its
   use.

CONTRACT on an agreement in writing to recover $600 for the use of a rolling machine during the year ending July 1, 1900. Writ dated November 15, 1900.

In the Superior Court, the case was tried before *Richardson*, J., without a jury. There was no dispute as to the facts and the only question involved was as to the interpretation of the agreement in writing on which the action was brought. The judge found, that under the agreement the defendant was bound to pay the sum of $600 as license fee and royalty for the year ending July 1, 1900; and at the request of both parties reported the case for the consideration of this court. If the finding was not justified, judgment was to be entered for the defendant with costs; but if the finding was justified, judgment was to be entered on the finding for the plaintiff.

By the report it appeared, that by letter of July 1, 1899, the defendant informed the plaintiff, that it did not intend to use either of the machines during the coming year but that it did not relinquish its rights granted under the license and therefore retained the machines in order to use them in future years if it should so elect. The defendant did not in fact use either of the machines during the year ending July 1, 1900. No claim was made for the use of the second machine named in the agreement. The material portions of the agreement were as follows:

" The Simonds Company hereby gives and grants to the Pope Company a right and license to use, in its factory at Hartford, Conn., one certain rolling machine now in use at said factory (hereinafter referred to as 'Rolling Machine A'); and further gives and grants to the Pope Company a right and license to use, in its said factory, a second machine for rolling balls, containing and embodying the inventions of said several Letters Patent, if said Pope Company finds that it requires such second machine. . . .

" In consideration of the foregoing license, the Pope Company agrees to pay to the Simonds Company, within ten days after the first day of July of each calendar year, during the term of said several Letters Patent, and of all renewals, reissues and extensions thereof, the sum of six hundred dollars ($600) as license fee and royalty for the use by it of said Rolling Machine A, and

in addition thereto, in case a second machine shall be used under the above license, a further sum amounting to two dollars ($2.00) per day for each and every day during the preceding twelve months, whereon said second machine has been put in use in the rolling of balls.   Provided, however, that said further sum shall not be paid in respect to any days upon which Rolling Machine A has broken down and said second machine is used in place thereof.

" And the Pope Company further agrees and binds itself to render to the Simonds Company, with said payment, a full and accurate statement of the number of days on which said second machine has been used, as aforesaid."

*R. F. Herrick,* for the plaintiff.

*W. B. Farr,* for the defendant.

HAMMOND, J.   The interpretation of this contract is not entirely free from difficulty, but we think that the ruling of the judge before whom the case was tried was correct.

Two separate things were granted, namely, the "right and license to use . . . 'Rolling Machine A,' " and the "right and license to use" a second machine of the same kind, if the defendant found that it required such a machine in its business.

In consideration of the grant the defendant agreed to pay $600 on the first day of July of each year during the life of the patents or any renewal thereof, "as license fee and royalty for the use " of the first machine, and in addition thereto, in case the second machine should be used, the sum of $2 per day for each and every day of its use during the preceding twelve months, provided that nothing was to be paid for the second machine for any day upon which the first should break down and the second be used in its place.

It is to be noticed, that while nothing is to be paid for the second machine for any day in which it is not used, there is no such provision about the first machine.   No time is to be kept of the use of this, and there is no provision for apportionment. Suppose the machine should be used for only six months, or one day, would the $600 be correspondingly reduced?   We do not understand the defendant to contend that there could be any such apportionment, but its contention is, that if no use whatever is made of the machine during the whole year then

nothing is due for that year. If, as is claimed by the defendant, use is to be the test, it would be a singular interpretation of this contract to hold that the defendant need pay nothing if he does not use the machine at all during the year, but if he uses it one day he must pay the whole sum of $600. If use is to be the basis of the fee, such an interpretation would hardly seem reasonable. Moreover, in the case of the second machine, use was the measure of the sum to be paid, and that intention as to that machine is aptly expressed. If the same intention had existed with reference to the first machine, there would seem to be no reason why it could not have been as clearly expressed, and we naturally should look for such an expression, especially since the attention of the parties had been directed to that method of calculating the sum to be paid when thinking of the second machine.

The most reasonable interpretation of the contract is that a settlement was to be made annually upon the first day of July, and that the $600 was to be paid for the first machine whether it was used or not for any part of the year, and without reference to its use; and that the second machine was to be paid for according to its use.

The plaintiff has laid much stress upon the fact that this contract as a whole was the result of the settlement of a controversy concerning the use of such machines, but we have not deemed that to be very material, although it would point in the direction of what we think to be the true meaning of the contract.

*Judgment on the finding.*